Geoffrey M. Trachtenberg (# 19338)
gt@ltinjurylaw.com
**LEVENBAUM TRACHTENBERG, PLC**
362 North Third Avenue
Phoenix, Arizona  85003
Telephone (602) 271-0183
Facsimile (602) 271-4018

B. Lance Entrekin (# 16172)
lance@entrekinlaw.com
**THE ENTREKIN LAW FIRM**
One East Camelback Road, #710
Phoenix, Arizona  85012
Telephone (602) 954-1123
Facsimile (480) 615-9869

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Aycock, an individual; Everett Sherwood, an individual; Candace Wright, an individual; Joyce Carlisle, an individual; Lorraine DeMello, an individual, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Scottsdale Healthcare Corp., an Arizona corporation, Dignity Health, a California Corporation, and John C. Lincoln Health Network, an Arizona corporation,<br><br>        Defendants. | Case No. 2:14-cv-01483-DLR<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

    1.    The following persons participated in a Federal Rules of Civil Procedure, Rule 26(f) conference on August 28, 2014, at the offices of Levenbaum Trachtenberg, PLC:  Geoffrey M. Trachtenberg, B. Lance Entrekin, Robert T. Sullivan, Alicyn Freeman and Chris Hering were all in attendance.

    2.    **Nature of the Case:**  This class action case concerns the filing of healthcare provider liens, filed pursuant to A.R.S §§ 33-931 thru -936, by hospitals

against personal injury recoveries of Medicare Advantage ("MA") patients who are enrolled in a Medicare Advantage Organization ("MAO") that paid the hospital under the terms of the MAO's plan.  Plaintiffs contend that it is unlawful for the Defendant hospitals to file or assert healthcare provider liens against recoveries belonging to MA patients.  Plaintiffs further contend that MA providers have signed contracts with MAOs agreeing not to engage in this practice and that Plaintiffs are the intended third-party beneficiaries of those agreements.

Defendants deny all of the foregoing and have further asserted in a Motion to Dismiss that Plaintiffs have not asserted a case or controversy appropriate for declaratory relief because none of the federal authorities cited by Plaintiffs govern the conduct of Defendants.

3.      **Factual and Legal Disputes:**   The putative class in this case consists of MAO enrollees whose personal injury settlement was subject to one or more healthcare provider liens, filed pursuant to A.R.S §§ 33-931 thru -936, by a Defendant hospital where the hospital accepted payment from the MAO.  At this stage, it is not clear whether there will be any material factual disputes concerning either the certification of the class or the alleged illegality of the healthcare provider liens.  The parties anticipate a legal dispute regarding the merits of class certification and the merits of the claims asserted.

4.      **Jurisdictional Basis:**  Jurisdiction is proper pursuant to 28 U.S.C. § 1331. A federal question exists as to Plaintiffs' claims arising under the laws of the United States -- specifically, Part C of the Medicare Act, 42 U.S.C. §§ 1395 to 1395kkk-1.

5.      **Parties:**  All parties have been served.  Defendants Scottsdale Healthcare Corp. ("SHC") and John C. Lincoln Health Network ("JCL") filed a Motion to Dismiss (Count One) on July 15, 2014.  Defendant Dignity Health ("Dignity") joined in said Motion to Dismiss.  On August 6, 2014, Plaintiffs responded to said Motion to Dismiss. On August 25, 2014, Defendants replied to Plaintiffs' Response to said Motion.  It is anticipated that the Court will soon be scheduling a hearing on this matter.

6.      **Additional Parties:**  This is a class action and it is anticipated that there will be numerous Plaintiffs if a class is certified.

7.  **Contemplated Motions & Issues to be Decided:**

A Motion to Dismiss (Count One) is presently pending.

Plaintiffs intend to file a Motion for Class Certification and a Motion for Summary Judgment.

Dignity intends to file a motion arguing that no case or controversy exists between Lorraine DeMello and Dignity.

JCL intends to file a Motion to Dismiss the claim of putative class representative Frank Solano who has entered a settlement with JCL.

Defendants intend to file a Motion for Summary Judgment related to the merits of Plaintiffs' breach of contract claim.

8.  **Arbitration / Magistrate Judge:**  This case is not suitable for Arbitration, nor is it suitable to be heard by a United Magistrate Judge for trial.

9.  **Related Cases:**  Plaintiffs assert that the above-captioned case involves issues that are similar to a related and still-pending complex, class action case, *Winters v. Banner, et al.*, CV2012-007665, Maricopa County Superior Court (Hon. Richard J. Gama).   Defendants disagree as CV2012-007665 is litigation related to Medicaid recipients, not Medicare Advantage recipients.

10.  **Initial Rule 26(a) Disclosures:**  Plaintiffs mailed their Initial Rule 26(a) Disclosure on August 22, 2014.  Defendants SHC and JCL mailed their Initial Rule 26(a) Disclosure on August 26, 2014.  Defendant Dignity mailed their Initial Rule 26(a) Disclosure on August 26, 2014.

11. **Discovery:**

    a.   **Extent, Nature & Location of Discovery Anticipated:**  Plaintiffs have propounded various written discovery and anticipate deposing 30(b)(6) witnesses from each of the three Defendants and two or three additional fact witnesses, primarily to determine the history, nature and extent of the billing practices at issue.

    SHC and JCL have propounded written discovery to Plaintiffs and may take the depositions of the putative class representatives.

    Dignity might take depositions of one or two witnesses.

    b.   **Variations to Federal Rules of Discovery:**  The parties do not anticipate any need to vary the federal rules of discovery.

    Defendants SHC and JCL requested that Plaintiffs agree to two protective orders: one to protect the confidential medical information of the putative class members, and one to protect the confidential and proprietary nature of the contracts between Medical Advantage Organizations and Defendants.  Dignity agrees with the need for dual protective orders and notes that it cannot disclose documents that are responsive to Plaintiffs' discovery requests without such orders.

Plaintiffs are agreeable to the protective order concerning confidential medical information (i.e., HIPAA information), but Plaintiffs contend that there is no need for the protective order concerning alleged confidential or proprietary "contracts between Medical Advantage Organizations and Defendants."

The parties have met and conferred but have been unable to reach an agreement on this issue.  The parties are in receipt of this Courts' instruction to request a

telephonic conference before filing a Motion related to discovery.  The parties request that this Court address the issue at the Rule 16 scheduling conference.  A Copy of the proposed protective order regarding the contracts is  attached hereto as Exhibit A.

       c.  **Deposition Limitations:**  The parties do not anticipate the need for any deposition limitations at this time.

12. **Proposed Discovery Deadlines:** [The Court wants these to fall on a Friday]

       a.  **Completion of Fact Discovery & Disclosure Per Rule 26(a)(3):**

       The parties propose July 31, 2015

       b.  **Disclosure of Expert Testimony Per Rule 26(a)(2)(C):**

       The parties propose a staggered expert disclosure schedule as follows:

       Plaintiffs' areas of experts: February 20, 2015

       Defendants' areas of experts: March 20, 2015

       Plaintiffs' disclosure of expert testimony: April 17, 2015

       Defendants' disclosure of expert testimony: May 22, 2015

       c.  **Completion of Expert Depositions:**

       The parties propose July 31, 2015.

       d.  **Deadline for Filing of Dispositive Motions:**

       The parties propose August 28, 2015.

       e.  **Deadline for Counsel to Engage in Good Faith Settlement Discussions:**

       The parties propose June 5, 2015.

13. **Jury Trial:**  Plaintiffs and Defendants all agree to a jury trial on any issue triable by a jury.

14. **Length of Trial:**  The parties estimate 3 trial days, but given the class allegations involved and the early stage of discovery, Defendants request that the Court set a hearing once the class certification motion has been decided to determine the estimated length of trial.

15. **Settlement:**  Plaintiffs have offered to settle this dispute if Defendants will enter into a stipulated injunction that prohibits them from filing healthcare provider liens against MA patients.  Dignity does not agree to such a proposal, but remains willing to discuss settlement on other terms.

16. **Other Matters to Aid the Court in Resolving This Matter:**  None.

DATED this 29th day of August, 2014.

LEVENBAUM TRACHTENBERG, PLC

/s/ Geoffrey Trachtenberg
Geoffrey Trachtenberg
362 North 3rd Avenue
Phoenix, AZ  85003
gt@ltinjurylaw.com
*Attorney for Plaintiffs*

THE ENTREKIN LAW FIRM

/s/ B. Lance Entrekin
B. Lance Entrekin
One East Camelback Road, #710
Phoenix, AZ  85012
lance@entrekinlaw.com
*Attorney for Plaintiffs*

BROENING OBERG WOODS & WILSON

/s/ Robert T. Sullivan
Robert T. Sullivan
Alicyn Freeman
P. O. Box 20527
Phoenix, AZ  85036
amf@bowwlaw.com
*Attorney for Defendants SHC & JCL*

GAMMAGE & BURNHAM, PLC

/s/ Christopher L. Hering
Christopher L. Hering
Two North Central Avenue, 15th floor
Phoenix, AZ  85004
chering@gblaw.com
*Attorney for Defendant Dignity*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2014, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert T. Sullivan, Esq.
James R. Broening, Esq.
Alicyn M. Freeman, Esq.
**BROENING OBERG WOODS & WILSON, P.C.**
1122 East Jefferson Street
P.O. Box 20527
Phoenix, Arizona 85034
*Attorneys for Defendants Scottsdale*
*Healthcare Corp. and John C. Lincoln*
*Health Network*

Cameron Artigue, Esq.
Chris Hering, Esq.
**GAMMAGE & BURNHAM, PLC**
2 North Central Avenue, 15th Floor
Phoenix, Arizona 85004
*Attorneys for Defendant Dignity Health*

/s/ Lisa Balbini